JORGENSON, Judge,
dissenting.
I respectfully dissent. I do not agree that a child found guilty of contempt may be adjudicated a delinquent when the basis for that finding is a violation of an order entered during a dependency proceeding.[1] See J.M.J. v. State, 389 So.2d 1208 (Fla. 1st DCA 1980). I do not believe that a conced-edly dependent child should face a criminal sanction for what could best be characterized as a status offense. See 389 So.2d at 1210.
A.O., fifteen years old at the time of this adjudication, now faces a potential four years of incarceration in institutions populated by young offenders who have committed real crimes; all this for the “crime” of not going to school. Such a result was not intended by the legislature. See 389 So.2d at 1210. I would accordingly reverse and remand with directions to vacate the adjudication of delinquency and for further proceedings pursuant to section 39.41, Florida Statutes (1981).[2]

. The record does not reflect whether the dependency proceeding which occasioned the go-to-school order afforded A.O. due process safeguards. See In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); see also In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

. I join the majority in the certified question.